

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MORRIS LEE RANDALL, JR.,

    Petitioner,

v.                                 Civil Action No. 3:14CV562

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on August 6, 2015, the Court denied Morris Lee Randall, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as barred by the statute of limitations. Randall v. Clarke, No. 3:14CV562, 2015 WL 4705506, at *16 (E.D. Va. Aug. 6, 2015). On August 20, 2015, the Court received from Randall a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). ("Rule 59(e) Motion," ECF No. 29.)[1]

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening

---

[1] The Court corrects the capitalization in quotations from Randall's submissions.

change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Randall's mere disagreement with the Court's ruling fails to warrant Rule 59(e) relief, and he may not use Rule 59(e) to rehash arguments previously presented or to submit evidence that should have been previously submitted. Id. at 1082. As explained below, much of Randall's Rule 59(e) Motion runs afoul of this principle.

Randall argues that the Court should grant Rule 59(e) relief to "correct manifest errors of law and fact." (Rule 59(e) Mot. 1.) First, Randall argues that the Court erred when it "rejected the credence and relevance of Floyd Green['s] and Charles Surles' affidavits on the basis that each witness had been convicted of felonies, and therefore not worthy of belief" and because the "affidavits are of dubious authenticity." (Id. at 3.) Randall argues that the Court erred by not holding an evidentiary hearing before reaching the conclusion that he failed to demonstrate that he was actually innocent. Randall also submits his own affidavit swearing that the notarizations on Green's and Surles's affidavits were authentic.

2

First, despite noting that the affidavits appeared not to be notarized appropriately, the Court did not discount the affidavits on this basis. Instead, the Court considered the contents of the affidavits as evidence in its actual innocence inquiry. The Court explained: "Despite the Court's doubt about the reliability of these affidavits, even considering this new evidence along with the evidence put forth at trial, many a reasonable juror would have found Randall guilty." Randall, 2015 WL 4705506, at *12. Thus, contrary to Randall's suggestion, the Court's determination that Randall failed to demonstrate his actual innocence was not based on a determination that the affidavits were not authentic or on the fact that the affiants' felony status made the testimony incredible. Instead, the Court determined that, when considering the affidavits of Surles and Green in conjunction with the evidence at trial, Randall failed to demonstrate his actual innocence. Randall fails to demonstrate a clear error of law or any other basis for Rule 59(e) relief on this ground.

Next, Randall contends that the "Court erred when it determined that Jamila Chamblis[]' phone records refute petitioner's claim of innocence." (Rule 59(e) Mot. 4.) Randall claims that the Court erred when it assumed that he had Chamblis's phone records in his possession prior to trial. Randall contends that he did not obtain these records until

3

after trial. (Id. at 9-10.) Regardless of whether Randall had these documents in his personal possession prior to trial, the records clearly existed, and Randall could have introduced them in his defense, but did not.

Randall also claims that the phone records of Ethel Braxton that the Commonwealth introduced into evidence at trial "are undoubtedly fake" and the Court should not have relied on "[t]hese fraudulent records." (Id. at 10.) Randall then rehashes argument from his habeas petition that Chamblis's phone records establish an alibi defense. Randall fails to demonstrate any clear error of law. The Court concluded that "Chamblis's phone records create more confusion than support for Randall's alibi defense." Randall, 2015 WL 4705506, at *13. Randall fails to demonstrate any compelling reason why the Court's conclusion was clearly erroneous or results in a miscarriage of justice.

Randall also argues that the Court erred "when it accepted trial counsel's explanation without a hearing of why Chamblis[] was not called to testify although disputed by Randall." (Rule 59(e) Mot. 4.) The Court relied upon a statement from counsel explaining that he intended to call Chamblis and even told the jury in his opening that she would testify; however, Randall instructed counsel not to call Chamblis. Randall, 2015 WL 4705506, at *15. Randall even admitted that he told counsel not

4

to call Chamblis at a later hearing. Id. At no point during the pendency of his § 2254 Petition did Randall put forth any sworn testimony from Chamblis to support his alibi or to contradict counsel's statement that Randall, not counsel, decided that Chamblis should not testify.

For the first time in support of his Rule 59(e) Motion, Randall submits an excerpt of a statement that Chamblis made to a private investigator on July 16, 2006 to support his contention that counsel made the sole determination that Chamblis should not testify in his defense. (Letter, Ex. N, at 1-4, ECF No. 30-2.) Randall also submits, for the first time at this late juncture, an affidavit of Chamblis that was executed on July 28, 2007, in which she states that counsel told her that he was not going to call her as a witness "because the Commonwealth was going to use Ethel Braxton's phone records to establish that Morris was not at my house on the night of the homicide because he called me from Ethel's phone." (Rule 59(e) Mot. Ex. O, at 1, ECF No. 29-1.) Randall offers no explanation for why he failed to submit this evidence in support of his § 2254 Petition.

Randall does not argue that Chamblis's affidavit or interview records are "new evidence not available at trial," but contends that these records demonstrate that the Court should have held an evidentiary hearing "to 'authenticate' specific

evidence" that Randall submitted before dismissing his § 2254 Petition. (Rule 59(e) Mot. 11.)[2] However, no need existed to "authenticate" the evidence that Randall submitted in support of his § 2254 Petition. The Court expressed that it had doubts about the reliability and credibility of Randall's evidence; however, the Court did not reject this evidence outright. Instead, considering this new evidence, along with the evidence presented at trial, the Court concluded that Randall failed to

---

[2] Even if Randall had argued that the affidavit of Chamblis and the interview transcript of Chamblis was "new evidence not available at trial," the Court finds Randall lacks entitlement to Rule 59(e) relief. Courts are not required to consider evidence that is inexcusably untimely, but may examine such evidence in order to determine whether "the additional evidence, though filed untimely, indicate[s] that the decision under review, if upheld, would result in a miscarriage of justice." Bogart v. Chapell, 396 F.3d 548, 559 (4th Cir. 2005) (alteration in original) (internal quotation marks omitted) (citation omitted). To the extent Randall provides "new evidence," the excerpt of the interview of Chamblis by the private investigator and Chamblis's testimony was clearly available to Randall prior to his trial, much less the filing of his § 2254 Petition. Randall cannot meet his burden to demonstrate that "this evidence was newly discovered or unknown to [him]" or that he "could not with reasonable diligence have discovered and produced such evidence" prior to the dismissal of his § 2254 Petition. Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989) (internal quotation marks omitted) (citations omitted). Thus, this evidence fails to meet the standard of newly discovered evidence. See id. at 771-72. Moreover, after reviewing Chamblis's interview transcript and affidavit, the Court concludes that this evidence fails to alter this Court's conclusion that compelling evidence existed of Randall's guilt, and Randall failed to demonstrate his actual innocence. The "new" evidence Randall submitted in support of his Rule 59(e) Motion is insufficient to demonstrate that the Court's judgment results in a miscarriage of justice.

6

demonstrate that "'it is more likely than not that no reasonable juror would have found [Randall] guilty beyond a reasonable doubt." Randall, 2015 WL 4705506, at *16 (citation omitted) (alteration in original). As the Court previously explained, compelling evidence of Randall's guilt existed. Randall fails to demonstrate a clear error of law in the Court's conclusion that he failed to make a sufficient showing of his actual innocence to excuse the untimeliness of his § 2254 Petition.

Moreover, a review of Randall's motion and the accompanying evidence demonstrates that Randall is clearly attempting to rehash the arguments previously considered and rejected by the Court, and to use Rule 59(e) to address deficiencies in his arguments and theories as identified by the Court. Rule 59(e) may not be used for such purposes or to submit evidence that should have been previously submitted. Hutchinson, 994 F.2d at 1082.

Randall fails to demonstrate a clear error of law or any other basis for granting relief under Rule 59(e). Accordingly, the Rule 59(e) Motion (ECF No. 29) will be denied. Randall's Requests for an Evidentiary Hearing (ECF Nos. 32-33) will be denied.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue

7

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Randall fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Randall and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 15, 2015